### George Mooers *vs.* Timothy Larry.

The hirer of a horse at a livery stable is liable for a want of reasonable care and skill in driving him; and, unless he is manifestly incapable of using such care and skill, it is immaterial whether the keeper of the stable expected or had reason to expect that he would or would not be careless or unskilful.

Action of tort for injuring by unskilful driving a horse hired by the defendant of the plaintiff, who, as was proved at the trial in the court of common pleas in Hampden, before *Bishop*, J., was the keeper of a livery stable, had known the defendant for several years, and had let horses to him.

The plaintiff testified "that he knew nothing at the time of the letting but that the defendant could drive a horse as well as the rest of such young men who hire horses; that he did not expect Irish boys and men to drive as well as American, and

for that reason gave the defendant the steadiest horse he had that when the defendant hired the horse and carriage he attempted to start the horse by jerking him backwards without speaking to him; the horse did not start; the plaintiff stepped up to him and told the defendant that was not the way to drive a horse, but to loosen the lines and speak to him and he would go; the defendant did so, and the horse started off." There was no other evidence tending to show that the plaintiff had any knowledge of the defendant's want of skill as a driver.

The court instructed the jury, " that upon such a letting as was proved, and in the absence of any express representations, the law implied a mutual contract; on the part of the plaintiff, that the horse was kind · and manageable and· properly harnessed to a safe carriage; and on the part of the defendant, that he would exercise in the management and driving of the team that reasonable and ordinary care and skill that men in the management and driving of teams commonly and ordinarily exercise; that no professional or special skill or extraordinary care was contracted for, but merely what they should find to be ordinary care and skill; that if a man should let a horse to an Irishman or German or Italian, who never saw or drove a horse, and the letter knew it, or to a child, who manifestly could not take care of or manage a horse, these cases would not be embraced within the ordinary rule; that if they found the defendant liable in this case, it must be upon the ground that he did not manage the team with ordinary care or skill, and that this was the cause of the damage."

The defendant's counsel asked the court to instruct the jury, " that the defendant was not liable for want of skill, but was only bound to exercise such skill as he had in good faith; that if the plaintiff knew that the defendant made no pretensions to skill in driving, that driving horses was not the defendant's business or employment, and that the defendant was not possessed of skill, he could not recover on account of unskilful driving, if the defendant acted in good faith, and used all the skill he was possessed of; and that if upon all the facts they were satisfied that the defendant used such skill in driving the horse as the plain-

tiff had reason, from what he knew of the defendant and saw of his driving, to believe and expect he would exercise, then the plaintiff could not recover." The court declined to give these instructions. The jury found a verdict for the plaintiff, and the defendant alleged exceptions, which were argued at the last term in Hampden.

*G. M. Stearns,* for the defendant.

*F. Chamberlin,* for the plaintiff.

By the Court. · By the contract of hiring, the defendant agreed to use reasonable care and skill; and unless there was a manifest incapacity of the defendant to use such care and skill, as in the cases put as illustrations by the judge who presided at the trial, it was immaterial whether the plaintiff expected or had reason to expect that the defendant would be careless or unskilful or not.                                         *Exceptions overruled.*